IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**DEC 09 2013**

J T NOBLIN CLERK

BY_____DEPUTY

WILLIAM LAYNE BRUSHABER

**PLAINTIFFS**

VERSUS                    CIVIL ACTION NO. 1 13CV453 LG-JMR

JACKSON COUNTY MISSISSIPPI;
SHERIFF MIKE BYRD, Individually and in His Official
Capacity as Sheriff of Jackson County, Mississippi;
HOPE THORNTON, Individually and in her Official
Capacity as Detective in the Jackson County Sheriff's Department;
LINDA JONES, Individually and in her Official
Capacity as Detective in the Jackson County Sheriff's Department;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; and
JOHN OR JANE DOES 1 - 15                    **DEFENDANTS**

## **COMPLAINT**

### **[JURY TRIAL DEMANDED]**

COMES NOW the Plaintiff, WILLIAM LAYNE BRUSHABER, by and through his

attorneys, DOUGLAS L. TYNES, JR. and J. ADAM MILLER, and would file this, his

Complaint against the Defendants named herein, and in support thereof present the following to

wit:

### **I. PARTIES**

1.     Plaintiff, WILLIAM LAYNE BRUSHABER, is an adult resident citizen of

Jackson County, Mississippi.

2.     Defendant, JACKSON COUNTY, MISSISSIPPI, is a political subdivision within

the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto

employed Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John

1

or Jane Does 1-10. Defendant, Jackson County, Mississippi, may be served with process in the time and manner provided by law.

3. Defendant, MIKE BYRD, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times herein, the said Mike Byrd was employed as the Sheriff of Jackson County, Mississippi, and was granted and possessed the powers of supervision, training, and management over all detectives and deputies of the Jackson County Sheriff's Department at the time of and prior to the incidents complained of herein, and was acting and/or neglected to act in the course and scope of his employment and under color of state law. Said Mike Byrd is made a defendant herein individually and in his official capacity as the Sheriff of Jackson County, Mississippi. Defendant, Mike Byrd, may be served process of this Court in the time and manner provided by law.

4. Defendant, HOPE THORNTON, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times herein, the said Hope Thornton was employed as a Detective in the Sheriff's Department of Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of her employment and under color of state law. Said Hope Thornton is made a defendant herein individually and in her official capacity as a Detective in the Sheriff's Department of Jackson County, Mississippi. Defendant, Hope Thornton, may be served process of this Court in the time and manner provided by law.

5. Defendant, LINDA JONES, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times herein, the said Linda Jones was employed as a Detective in the Sheriff's Department of Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of her employment

2

and under color of state law.  Said Linda Jones is made a defendant herein individually and in her official capacity as a Detective in the Sheriff's Department of Jackson County, Mississippi. Defendant, Linda Jones, may be served process of this Court in the time and manner provided by law.

6.      Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a surety corporation registered to do business in Connecticut may be served with process in the time and manner required by law by service upon its registered agent with the Mississippi Insurance Department, Charles A. Brewer, 506 South President Street, Jackson, MS 39201.

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names and capacities.  Plaintiff will amend this complaint to allege the true names and capacities of these John or Jane Does when ascertained.  Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

8.      As a matter of federal law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions, and Jackson County, Mississippi, is liable for its actions as final policy makers.  As a matter of state law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions and are vicariously liable for the actions of Defendants Hope Thornton, Linda Jones, and the as yet unidentified Defendants John or Jane Does 1-10.  Also, as a matter of state law, Jackson County, Mississippi, is vicariously liable for the actions of Defendant, Mike Byrd.

3

9.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights and civil rights of Plaintiff, and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by Plaintiff, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein.  The injuries to Plaintiff, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions.  In other words at all times pleaded herein it was clearly obvious to all Defendants that the harm which occurred to Plaintiff, would occur sooner or later to a citizen of Jackson County, absent remedial action on the part of Jackson County, Mississippi, acting through its agents, who, despite its knowledge failed to act.

10.     Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## II.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights) and due to supplemental jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities located within the jurisdiction of this Court.

12.     Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Jackson County, Mississippi, which is completely within the jurisdiction of the United States District

4

Court for the Southern District of Mississippi, Southern Division, and this case involves federal questions of law.

## III.

## FACTS GIVING RISE TO CAUSE OF ACTION

13.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Plaintiff, William Layne Brushaber.

14.     Upon information and belief, Defendants Hope Thornton and/or Linda Jones, allegedly may have used information from the child protection system and/or the ICAC ("Internet Crimes Against Children") task force in an unlawful manner to initiate an investigation of a particular IP address located in Jackson County that had allegedly downloaded known child pornography.

15.     On or about Friday, March 4, 2011, the Plaintiff, who was employed by the Pascagoula Police Department, received a telephone call that he needed to go home.  The Plaintiff lived next door to his father, William Theodore "Ted" Brushaber.  Plaintiff and his father were also neighbors of Ronald Tuskan and the Peairs family, including Marcus Peairs.

16.     When the Plaintiff arrived at his house, Defendants, Hope Thornton, Linda Jones, and certain as yet unidentified John or Jane Does, acting at the direction of Sheriff Mike Byrd, were waiting in the front yard allegedly with a search warrant, even though there was no evidence or proof that the Plaintiff was involved or had ever been involved with any form of child pornography.  Plaintiff was not allowed to see the search warrant until several days later.

5

17.     Plaintiff allowed Thornton, Jones, and two other unknown deputies to have access to his home and showed them the laptop computer in the living area of his home.

18.     Defendants, Hope Thornton, Linda Jones, and/or certain as yet unidentified John or Jane Does, acting at the direction of Sheriff Mike Byrd, allegedly did a preliminary fast scan of the laptop computer and allegedly found child pornography, but the Plaintiff was not allowed to see what was allegedly found, and in fact has never seen the photos that were allegedly found by the Defendants.  Plaintiff had an open wireless connection without password protection at the time of the incident.

19.     Plaintiff voluntarily cooperated with the Defendants' investigation and provided information regarding his former roommates, a Deputy Sheriff and his girlfriend, who had abruptly moved out two weeks previously.  Plaintiff informed the Defendants that he and his roommates all used the laptop computer, and also that the computer was freely available for use by anyone that came to his house. Further, that the Plaintiff had purchased the laptop from his Deputy Sheriff roommate less than a year prior. Plaintiff also provided information regarding some old memory cards in his car that he used to store music, including one memory card that contained photographs of his girlfriend.  Defendant Hope Thornton instructed Plaintiff to write a statement about the photographs of his girlfriend and an old random photo generator app that was on his old cellphone.

20.     There was a longstanding informal agreement between Plaintiff's father and the Sheriff with regard to towing vehicles seized by the Narcotics Task Force.  Plaintiff's family owned Bob's Garage, and in return for towing seized vehicles for free, the Sheriff's Office would notify Bob's Garage regarding any other vehicles that needed to be towed, for which the regular fee was charged.  Despite this relationship, Plaintiff's father would not openly support

any political candidates, including Sheriff Byrd, but he allowed all candidates to put campaign materials in the office at Bob's Garage, which were then available to any customers that came into the business. Sheriff Mike Byrd approached Plaintiff's father and wanted to put a campaign sign in front of the business, but Plaintiff's father refused. Plaintiff's father was also a friend of one of the Sheriff's biggest competitors. Upon information and belief, there was a rift between Sheriff Mike Byrd and Plaintiff's father, who would not agree to publically endorse the Sheriff during his campaign for re-election.

21.     Defendant Linda Jones, during her investigation of the Plaintiff, asked the Plaintiff if his father downloaded pornography, which the Plaintiff denied. Defendant Hope Thornton told Plaintiff that they "thought they were coming to arrest" his father that day.

22.     Defendant, Linda Jones, acting at the direction of Sheriff Mike Byrd, informed Plaintiff that he was being charged with possession of child pornography on a computer, and he was arrested on March 4, 2011.

23.     Jackson County Sheriff, Mike Byrd, ordered the investigation of Plaintiff and/or Plaintiff's father without probable cause and made sure the Plaintiff was arrested and charged, all in an effort to intentionally deprive the Plaintiff of his freedom and civil rights and to demonstrate his power as the Sheriff of Jackson County.

24.     As a direct proximate result of the Defendants' actions, Plaintiff's job as a dispatcher with the Pascagoula Police Department was terminated approximately two weeks after the arrest. Upon information and belief, Defendant Hope Thornton told the Chief of Police that the Plaintiff "had confessed and had child pornography everywhere." This was patently untrue.

25.     Plaintiff was adversely affected by the pending charges against him, and his life was basically held in limbo for over two years until the Grand Jury entered the No True Bill on the pending charge on or about April 15, 2013.

26.     On or about April 15, 2013, the Jackson County Grand Jury entered a No True Bill in the Circuit Court of Jackson County with regard to the possession of child pornography or "exploitation of a child" charge against the Plaintiff.

27.     There was never any evidence that Plaintiff was involved with child pornography.

28.     During the same time period as the events involving the Plaintiff, William Layne Brushaber, Hope Thornton and certain other employees of the Jackson County Sheriff's Office, acting at the direction of Sheriff Mike Byrd, went to the place of employment of Ronald Tuskan on or about March 8, 2011, four days after the Plaintiff was arrested.   Thornton informed Tuskan's supervisors that Mr. Tuskan was being investigated for having child pornography on his home computer and would be arrested and charged with child pornography.   Hope Thornton and certain other employees of the Jackson County Sheriff's Office took Mr. Tuskan into custody by requiring him to be transported in a police car to his home, effectuating an arrest, where Mr. Tuskan voluntarily allowed Thornton access to his computer to perform a search of its contents.    Based on information and belief, after Thornton and certain other employees of the Jackson County Sheriff's Office searched Mr. Tuskan's computer, the investigation was abruptly stopped when it became apparent that Mr. Tuskan had no involvement with the Plaintiff or Plaintiff's father.  Mr. Tuskan was a neighbor of Plaintiff' father, William Theodore Brushaber, and also of the Plaintiff, William Layne Brushaber, but had no other ties.

29.     After discovering that Plaintiff's neighbor, Mr. Tuskan, had an open wireless connection, Thornton and certain other employees of the Jackson County Sheriff's Office began

8

knocking on doors in Plaintiff's neighborhood and subsequently arrived at the Peairs' house, another neighbor of the Plaintiff and his father.  After unlawfully searching the house, a laptop computer was subsequently found, and Marcus Peairs was arrested and charged with possession of child pornography.  According to Thornton, the computer allegedly was running peer-to-peer file sharing with pornographic images when it was seized.  Based on information and belief, the prosecution of Mr. Peairs was abandoned when it was discovered that Thornton testified that Mr. Peairs was downloading materials on the subject computer for over a year, but in fact Mr. Peairs was incarcerated at the time the alleged downloads occurred and had no access to the subject computer.  Mr. Peairs also lost his job.  The Jackson County Grand Jury entered a No True Bill with regard to the charge against Peairs on or about May 27, 2013.

30.     Upon information and belief, the Defendants, at the direction of Sheriff Mike Byrd, were trying to find a way to arrest Plaintiff's father in order to punish him for refusing to endorse the Sheriff's re-election bid, and, as a result of the Defendants' actions, the Plaintiff, William Layne Brushaber, and his neighbors, Ronald Tuskan and Marcus Peairs, were all falsely charged and/or arrested, all in an effort to demonstrate the Sheriff's power and ability to force individuals to do whatever he wanted them to do.

31.     Sheriff Mike Byrd created and maintained a culture, pattern, and practice of going after his perceived enemies, conducting improper investigations, violating citizen's constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of Plaintiff's Mississippi and United States Constitutional rights.

32.     Based on information and belief, Jackson County Sheriff Mike Byrd frequently targeted individuals for political and/or personal reasons and/or had and continues to have customs, policies, and/or practices of arresting, prosecuting, and/or investigating individuals with

9

no probable cause or any other basis to do so. Upon information and belief, examples of such behavior by Sheriff Mike Byrd are (a) ordering his deputies to handle an investigation or matter, and when they objected, the Sheriff cursed them and threatened their jobs; and (b) demoting and/or firing employees that refused to perform illegal and/or improper investigations and/or other tasks. These improper tasks were so common that the employees of the Jackson County Sheriff's Department nicknamed them "Acute Political Emergency" or "APE". Further, based on information and belief, the Jackson County Sheriff's Department routinely violates its own policies and procedures and the Mississippi Attorney General's policies and procedures with regard to I.C.A.C. software.

33.    Defendants, Sheriff Mike Byrd, Detective Hope Thornton, Detective Linda Jones, and/or certain as yet unidentified John or Jane Does 1-10, and other members of the Jackson County Sheriff's Department, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in a violation of civil rights, malicious prosecution, abuse of process, and defamation. This conduct by Defendants, Mike Byrd, Hope Thornton, Linda Jones and/or certain as yet unidentified John or Jane Does 1-10, and other members of the Jackson County Sheriff's Department was the proximate and sole cause of Plaintiff's injuries, damages and losses sustained in this matter.

34.    At all times, Defendants, Mike Byrd, Hope Thornton, Linda Jones, and certain as yet unknown John or Jane Does, knew or should have known that there was no evidentiary or factual basis with which to investigate, arrest, or charge Plaintiff with any criminal conduct for possession of child pornography or downloading child pornography.

35.    While acting within their individual and official capacities with apparent authority under color of law, Defendants, Mike Byrd, Hope Thornton, Linda Jones, and certain

as yet unidentified John or Jane Does 1-10, involuntarily detained, arrested and charged Plaintiff for the purposes of a malicious prosecution without any evidentiary or factual basis to support the allegations of child pornography.

36.     At all times herein, Mike Byrd, Hope Thornton, Linda Jones, and certain as yet unidentified John or Jane Does, and all other individuals directly or proximately involved in the investigation, knew or should have known throughout the entire investigation and prosecution of Plaintiff that there was no evidence or factual basis with which to investigate, arrest, or charge Plaintiff with any criminal conduct for possession of child pornography and/or exploitation of a child.

37.     Further, Defendants, Mike Byrd, Hope Thornton, and Linda Jones, and/or certain unknown John or Jane Does, knew or should have known that there was no evidentiary or factual basis with which to prove that Plaintiff ever committed the crime with which he was being investigated.  Further, that the actions taken by the Defendants in arresting Plaintiff, violated the I.C.A.C. policies and procedures of how internet child crimes are investigated.

38.     Defendants, Hope Thornton, Linda Jones, and/or certain unknown John or Jane Does, and other deputies involved in the investigation were either directed or allowed by Sheriff Mike Byrd to harass, arrest and charge Plaintiff without repercussion and without probable cause to do so.

39.     Sheriff Mike Byrd and other members of the Jackson County Sheriff's Department, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in the violation of civil rights, malicious prosecution, abuse of process, and defamation.  This conduct by Sheriff Mike Byrd, Detective Hope Thornton, Detective Linda

Jones, and other members of the Jackson County Sheriff's Department was the proximate and sole cause of Plaintiff's injuries, damages and losses sustained in this matter.

40.     Additionally, Defendant, Jackson County, Mississippi, has overall responsibility for the Jackson County Sheriff's Department.

41.     Upon information and belief, Defendants, Jackson County, Mississippi, and Mike Byrd, Hope Thornton, Linda Jones, as well as other unknown individuals labeled herein as John or Jane Does 1-10, in violation of Plaintiff's rights, intentionally acted without probable cause and without evidence to arrest and charge the Plaintiff with possession of child pornography and/or exploitation of a child.

42.     Defendants, Jackson County, Mississippi, Mike Byrd, Hope Thornton, Linda Jones, and John or Jane Does 1-10, investigated, arrested, and charged the Plaintiff without probable cause in violation of his Fourth and Fourteenth Amendment rights, under color of state law, and have accordingly caused him damages.

43.     Upon information and belief, Defendants, Jackson County, Mississippi, and the Jackson County Sheriff, Mike Byrd, in his individual and official capacities, had policies, customs, or practices in place which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.   Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendant, Jackson County, Mississippi's, and the other Defendants' violation of Plaintiff's Fourth and Fourteenth Amendment rights.

44.     Defendant, Mike Byrd, individually and in his official capacity, established customs, policies and practices which directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff, as alleged herein, and the damages, emotional and mental pain and distress, and suffering of Plaintiff.

12

45.     Defendant Mike Byrd, as Sheriff of Jackson County, was responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Jackson County Sheriff's Department and its deputies, including, Defendants Hope Thornton, Linda Jones, and certain as yet unknown John or Jane Does.  As such, Defendant Mike Byrd, during his tenure and at the time of the matters herein complained of, was the final policy maker for the Jackson County Sheriff's Department in the areas of law enforcement, and employment, training, and supervision of deputies and other employees of the Jackson County Sheriff's Department.

46.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of the Plaintiff.

47.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive the decedent and the Plaintiff of his rights under federal and state law.

48.     The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the emotional and mental pain and suffering, injuries, and damages of Plaintiff, and violated his rights as guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States.  These include, but are not limited to, the right to be free from the deprivation of liberty that occurs without due process of law.

49.     The Defendants are liable unto your Plaintiff jointly and severally for the wrongful acts complained of herein.

13

50.     Plaintiff would show that he has sustained damages for which he is entitled to recover of and from the Defendants.

51.     Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Sheriff Mike Byrd, in his official and/or individual capacity, since he was an elected county official with final policy making authority over the matters raised in this civil action. Defendant, Jackson County, Mississippi, is also liable for the actions of all other Defendants in their official and/or individual capacities as employees of the Jackson County Sheriff's Department.

52.     The actions of the Defendants were willfully in violation of Plaintiff's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

53.     The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

## IV.

## COUNT ONE - 42 U.S.C. § 1983, 1985 and 1988 (Violation of Civil Rights)

54.     Plaintiff re-alleges paragraphs 1 through 53 of this Complaint and incorporates them herein by reference.

55.     Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10 acted under color of law.

56.     Defendants, Sheriff Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-15, acted under color of law but contrary to law, and intentionally and unreasonably deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985 and 1988,

14

including: a. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

57.     Further, Defendants' conduct under the code of law violated Plaintiff's right of free speech, to be free from unreasonable seizure, kidnapping, false imprisonment, and the right to due process of law, as secured by the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

58.     Defendant, Sheriff Mike Byrd, in his official and individual capacities, failed to adequately and properly supervise and train the deputies and other employees of the Jackson County Sheriff's Department in various aspects of law enforcement procedure and substance, including, but not limited to the lawful exercise of police power.

59.     The above-described acts and omissions by the Sheriff and the other Defendants at the direction of the Sheriff demonstrated a deliberate indifference to the constitutional rights of citizens, and were the cause of the violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States of Constitution.

60.     As a result of Sheriff, and his department's violations of Plaintiff's constitutional rights, the Plaintiff suffered substantial injuries and damages.

61.     During the events alleged in the Complaint, Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, acted in concert, within the scope of their employment and under color of law.

62.     The Plaintiff exercised his rights under the First Amendment to free speech and under the Fourth Amendment to be secure in his person against unreasonable and unlawful seizures.

63.     Defendants unlawfully and unreasonably deprived Plaintiff by arresting him without due process, without lawful justification, without reasonable suspicion, or probable cause to believe a criminal violation had been committed.

64.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage, or practice wherein the rights, privileges, or immunities of the Plaintiff were violated.  Specifically, the Defendants, joint and severally, engaged in a course of conduct that resulted in the violations of Plaintiff's right to equal protection of the law, pursuant to the Fourteenth Amendment of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; and the right be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi.

65.     The violations complained of in this Complaint including but not limited to, the deprivation of Plaintiff's civil and constitutional rights, were designed and intended by the Defendants to cause the Plaintiff humiliation, embarrassment, and mental and emotional harm, and/or injury.

16

66.     Prior to the events described herein, the Defendant, Sheriff Mike Byrd, developed and maintained policies, practices and/or customs exhibiting deliberate indifference to violations of the constitutional rights of citizens.

67.     At all times material hereto, the Defendants, Jackson County, Mississippi, Sheriff Mike Byrd, Hope Thornton, Linda Jones, and certain as yet unidentified John or Jane Does 1-15, acted pursuant to the policies, customs, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent officially policy of or were pursuant to a governmental custom, usage or practice of the Jackson County Sheriff's Department, and therefore of the Defendants herein.

68.     It is further averred that Defendants, Sheriff Mike Byrd, was the governmental official whose edicts or acts may fairly be said to represent official policy, practices, customs, usage, or regulations of the Jackson County Sheriff's Department, and therefore of Defendant, Jackson County, Mississippi.   The aforementioned Defendants collectively and individually developed, planned, and/or implemented the policies and/or customs that resulted in and caused the violations of the constitutional and civil rights of Plaintiff.

69.     Defendants acted in concert and deprived Plaintiff of his rights under the U.S. Constitutional and federal Statutes.

70.     Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his rights guaranteed by the United States Constitution and federal statutes.

71.     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi and certain rights and privileges as a citizen of the United States, the Defendants caused the Plaintiff to suffer financial

injury, humiliation, mental distress, and significant indignities, and to be hurt and injured in his health, strength, and activity, sustaining shock and injury to his nervous system and person, all of which has caused and will continue to cause Plaintiff's physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

72.    Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988 or any other statute or common law.

**COUNT TWO - 42 U.S.C. § 1983, 1985 and 1988**
**(Violation of First, Fourth, Fifth, and Fourteenth Amendments.)**

73.    The Plaintiff re-alleges paragraphs 1 through 72 of this Complaint and incorporates them herein by reference.

74.    This cause arises under the First, Fourth, Fifth, and the Fourteenth Amendments of the United States Constitution.

75.    Plaintiff's Constitutional rights that Defendants violated include the following:

A.    Plaintiff's right to free speech protected by the First Amendment;

B.    Plaintiff's right to be free from unreasonable search and seizures under color of law protected by the Fourth and Fourteenth Amendments;

C.    Plaintiff's right to due process of law protected by the Fifth and Fourteenth Amendment;

D.    Plaintiff's right to remain silent by the Fifth Amendment.

E.    Plaintiff's right to the equal protection of the laws of the United States of America, pursuant to the Fourteenth Amendment.

76.     Defendants Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, and Jackson County's conduct was undertaken under color of law and operated to deprive Plaintiff of rights guaranteed by the United States Constitution.

77.     As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as citizens of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system and person, all of which has caused and will continue to cause, Plaintiff's physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

## COUNT THREE - 42 U.S.C. § 1983, 1985 and 1988
## and State Law Claims (False Arrest)

78.     Plaintiff re-alleges paragraphs 1 through 77 of this Complaint and incorporates them herein by reference.

79.     Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985 and 1988, including: a. Plaintiff's right to be free from false arrest, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, by detaining him without probable cause to believe that he had committed any crime; and b. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

80.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT FOUR - 42 U.S.C. § 1983, 1985, and 1988
### (Fourth Amendment Unreasonable Seizure)

81.     Plaintiff re-alleges paragraphs 1 through 80 of this Complaint and incorporates them herein by reference.

82.     Defendants, Mike Byrd, Hope Thornton, Linda Jones, and as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including: a. Plaintiff's right to be free from unreasonable seizure by being falsely detained, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, by detaining him without probable cause to believe that he had committed any crime; and b. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

83.     The Defendants acted through the Sheriff and at the direction of the Sheriff, and the Sheriff had in place, at all relevant times to this civil action, an unconstitutional policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the use of unreasonable investigations and unlawful detainment and/or arrest toward Plaintiff.

84.     As a direct and proximate result of the Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered injury to his person.

85.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT FIVE - 42 U.S.C. § 1983 and 1985
## and State Law Claims (Malicious Prosecution).

86.   Plaintiff re-alleges paragraphs 1 through 85 of this Complaint and incorporates them herein by reference.

87.   Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against Plaintiff all without probable cause.   Defendants were each instrumental in the initiation and perpetuation of the prosecution of Plaintiff.   Defendants, Byrd, Thornton, Jones, and certain John or Jane Does 1-10, each acted with malice.

88.   Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1985, including: a. Plaintiff's right to be free from malicious prosecution, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, by causing criminal proceedings to be initiated against him without probable cause to believe that he committed a crime, and by providing false testimony against him; and b. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

89.   The prosecution was terminated in Plaintiff's favor, and a Grand Jury No True Bill was filed by the Jackson County Circuit Clerk on or about April 15, 2013.

90.   Defendants, Mike Byrd, Hope Thornton, Linda Jones, and John or Jane Does 1-10, are liable for the malicious prosecution of Plaintiff because said prosecution was proximately caused by their unlawful actions as set forth above.

21

91.     These actions directly and proximately caused the injuries and damages to Plaintiff as claimed above, and constitute the tort of malicious prosecution under Mississippi law.

92.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT SIX - 42 U.S.C. § 1983, 1985, 1986, and 1988 and State Law Claims (Abuse of Process)

93.     Plaintiff re-alleges paragraphs 1 through 92 of this Complaint and incorporates them herein by reference.

94.     Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, individually and/or jointly and in conspiracy, initiated and/or continued an investigation against Plaintiff, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the investigation and arrest of Plaintiff. Defendants, Byrd, Thornton, Jones, and John or Jane Does 1-10, each acted with malice. Defendants maliciously misused or misapplied the legal process in order to obtain a result against the Plaintiff that was not lawfully warranted or properly obtained.

95.     Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985, 1986 and 1988, including:

   A.     Plaintiff's right to be free from malicious prosecution, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, by causing criminal proceedings to be initiated and

22

continued against him without probable cause to believe that he committed a crime, and by providing false testimony against him; and

B.    Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

96.    The criminal abuse of process alleged by the Plaintiff includes the initiation of the investigation against the Plaintiff on or about March 4, 2011, and continued pursuit of the investigation for improper purposes until on or about April 15, 2013. In engaging in the conduct described hereinabove, the Defendants acted maliciously, willfully and with specific intent to injure Plaintiff.

97.    The investigation and prosecution continued and was not finally terminated until the Jackson County Grand Jury determined there was insufficient evidence to support the charge and a No True Bill was entered on or about April 15, 2013.

98.    Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, knew or should have known that the criminal investigation was groundless, but Defendants sought to use the legal process for the purpose of charging and prosecuting Plaintiff for the offense of child pornography that was not lawfully warranted or properly obtainable against Plaintiff and are liable for the abuse of process of Plaintiff because said investigation was proximately caused by their unlawful actions as set forth above.

99.    The Defendants knew or should have known that the criminal investigation that was initiated and continued against the Plaintiff was groundless, but they sought to use the legal process for an unlawful and improper purpose. These actions directly and proximately caused

the injuries and damages to Plaintiff as claimed above, and constitute the tort of abuse of process under Mississippi law.

100.    Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**COUNT SEVEN- 42 U.S.C. § 1983, 1985 and 1988**
**(Civil Conspiracy and Neglect)**

101.    Plaintiff re-alleges paragraphs 1 through 100 of this Complaint and incorporates them herein by reference.

102.    The Civil Rights Act of 1866, as amended, 42 U.S.C. §1985 and §1986, prohibits conspiracies to interfere with civil rights.

103.    Defendants violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving the Plaintiff of rights guaranteed to him under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

104.    Defendants, Jackson County, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs conspired to be done, and mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

105.    Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby the Plaintiff has been injured and has been deprived of rights guaranteed to him under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

24

106.    Defendants, Jackson County, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, each had actual knowledge of the conspiracies to deprive Plaintiff of his rights protected by 42 U.S.C. § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

107.    As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

## COUNT EIGHT (Intentional Infliction of Emotional Distress).

108.    Plaintiff re-alleges paragraphs 1 through 107 of this Complaint and incorporates them herein by reference.

109.    Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, and their co-conspirators intentionally engaged in extreme and outrageous behavior against Plaintiff, including, but not limited to, defamation, employing unlawful investigative tactics, unlawful search and seizure, and psychological manipulation, all of which was designed to elicit a false confession from Plaintiff, despite his innocence, all the while knowing that there was no probable cause for the allegations against Plaintiff.

110.    Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

111.    As a direct and proximate result of the Defendants' actions the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

## COUNT NINE - (Jackson County, Mississippi).

112.    Plaintiff re-alleges paragraphs 1 through 111 of this Complaint and incorporates them herein by reference.

113.    Defendant, Jackson County, Mississippi, was at all times relevant to this action the employer of Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10.   Defendants, Byrd, Thornton, Jones, and John or Jane Does 1-10, committed the acts alleged in this complaint in the course and within the scope of their employment.

114.    Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Mike Byrd, in his official capacity, since he is an elected county official with final policy making authority over the matters raised in this civil action.

115.    The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

116.    As a direct and proximate result of the Defendants actions, the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation,

shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

117.    The actions of the Defendants were in willful violation of the Plaintiff's federally protected rights, were willful and reckless, and justify the imposition of punitive damages.

### COUNT TEN (Respondeat Superior – Jackson County, Mississippi).

118.    Plaintiff re-alleges paragraphs 1 through 117 of this Complaint and incorporates them herein by reference.

119.    Defendants, Mike Byrd, Hope Thornton, Linda Jones, and the as yet unidentified John or Jane Does 1-10, were at all times relevant to this action employees and agents of the Defendant, Jackson County, Mississippi. Each of the above-named defendants was acting within the scope of their employment when they engaged in the actions described in this complaint. Therefore, all of the individual Defendants' acts and omissions are directly chargeable to Defendant, Jackson County, Mississippi, pursuant to the doctrine of respondeat superior.

120.    As a direct and proximate result of the Defendants' actions, the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to his reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

# V.

## DAMAGES AND REMEDIES

121.     The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiff for punitive damages. Likewise the deliberate indifference of Defendant, Jackson County, Mississippi rises to a level of gross negligence and should subject it to punitive damages.

122.     As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

    A.   Past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered;

    B.   Past, present and future lost wages and loss of wage earning capacity;

    C.   Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

    D.   All other damages available under federal and state law, including punitive and/or exemplary damages.

123.     On information and belief, Plaintiff alleges that his injuries will be permanent and that they have had significant consequences on his life.

124.     That the aforesaid damages to the Plaintiff having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard and/or malicious or intentional acts of the Defendants, the Plaintiff is entitled to sue and recover damages

proximately resulting there from, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of Mississippi and the United States.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff, WILLIAM LAYNE BRUSHABER, demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for his injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages of FIFTEEN MILLION ($15,000,000.00) DOLLARS, punitive damages of FIFTEEN MILLION ($15,000,000.00) DOLLARS, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

ON THIS the ____ day of _____, 2013.

Respectfully submitted,

**WILLIAM LAYNE BRUSHABER**

BY: _____
DOUGLAS L. TYNES, JR. (MSB # 101921)
J. ADAM MILLER (MSB # 10517)

DOUGLAS L. TYNES, JR. (MSB # 101921)
Tynes Law Firm, P.A.
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
228.769.7736 Telephone
228.769.8466 Facsimile
monte@tyneslawfirm.com

J. ADAM MILLER (MSB # 10517)
Miller & Miller Attorneys at Law, PLLC
1126 Jackson Avenue, Suite 401
P.O. Box 1269
Pascagoula, MS 39568
228.762.8912 Telephone
228.762.8913 Facsimile
Adam Miller: millerfirm@gmail.com